## NARETTI v. SCULLY.

(Circuit Court of Appeals, Third Circuit. June 26, 1905.)

### No. 14.

RELEASE OF JUDGMENT—IMPEACHMENT—SUFFICIENCY OF EVIDENCE.

Evidence *held* insufficient to impeach the validity of a release of a decree on the ground that it was without consideration, or that it was procured by collusion and fraud.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

See 131 Fed. 399.

J. Hill Brinton, for appellant.

George Hart, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. This is an appeal in admiralty. On March 18, 1904, an order pro confesso for want of an answer was entered against the appellee. On May 28, 1904, the appellant executed and delivered an instrument under seal, by which, for the stated consideration of $5, he released the appellee from the damages claimed by the libel. Subsequently, on June 22, 1904, a decree based upon the order of March 18, 1904, was entered against the appellee for $300, with interest and costs. On December 12, 1904, the district court, upon consideration of the proofs submitted, and after hearing the proctors of the respective parties, directed the clerk, upon payment of the costs by the appellee, to file the release above mentioned "as a satisfaction of said judgment"; and "the question raised in this appeal [as stated in appellant's brief] is whether or not there was sufficient evidence to show that a formal release executed by the libelant was procured through collusion and fraud, and without consideration." This question of fact was rightly resolved by the court below. Independent examination of the testimony has brought us to the conclusion that, although it discloses some circumstances to excite suspicion of unfairness, it would not, as a whole, justify a finding that the release in question was obtained either by duress or by fraud, or that it lacked consideration. As was said by the learned District Judge:

"The notary public before whom the paper was executed, and two of Naretti's own countrymen, together with another witness, were called to show that he voluntarily, and with knowledge of what he was doing, executed this pa-

per; and there is further evidence to establish the fact that he received $5 for so doing; and, moreover, during the pendency of the suit he had worked for Scully again from April 2d to June 16th, and in fact was working for him when the paper was executed."

The decree is affirmed.